IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REID ELEY<br>5210 Just Street, NE, Apt. #3<br>Washington, DC 20019,<br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>One Judiciary Square<br>441 Fourth Street, NW<br>Washington, DC  20001,<br>      Defendant. | Civil Action No. 14-1142 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

   Plaintiff Reid Eley, through undersigned counsel, for his complaint herein alleges as follows:

**INTRODUCTION**

1. This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). The Plaintiff seeks a judgment: 1) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied Mr. Eley a free appropriate public education ("FAPE") by illegally and inappropriately changing his school placement and school location and by failing to provide him instruction and related services; 2) declaring that Mr. Eley's May 30, 2013 Individualized Education Program ("IEP") is his most recent IEP; 3) ordering the District to reevaluate Mr. Eley before changing any element of his IEP; 4) ordering the District to ensure that Mr. Eley and his most recent special education instructor be present at any future IEP or evaluation meetings; 5) ordering the District to fund and place Mr. Eley at The Learning Community International School, facilitated

by School Finders, with transportation; 6) ordering the District to fund the provision of Mr. Eley's cognitive skills coaching and related services, with transportation, through particular independent providers identified by the Petitioner; 7) ordering the District to provide appropriate compensatory education to remedy the harm caused by its violations; 8) awarding attorneys' fees and costs; and 9) ordering all other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. §1391(b)(1) and (2).

3. On or about February 3, 2014 and February 25, 2014, Mr. Eley filed administrative "due process complaints" which together contained these same allegations against DCPS. In orders issued April 7, 2014, the presiding Hearing Officer denied Mr. Eley relief.

## PARTIES

4. Mr. Eley is an adult student eligible for special education services, residing in the District of Columbia.

5. The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for providing special education and related services.

## FACTS

10. Mr. Eley is an 18-year-old resident of the District of Columbia who is eligible to receive specialized instruction and related services as a student with multiple disabilities.

11. DCPS met to revise Mr. Eley's IEP on January 29, 2014.

12. Since the January 29, 2014 IEP meeting, this Court has found, by agreement of Mr. Eley and the District, that Mr. Eley's most recent valid IEP was developed May 2013.

13. DCPS never issued a prior written notice of any change to Mr. Eley's IEP made on January 29, 2014.

14. Neither Mr. Eley nor his most current special education instructor was present at the January 29, 2014 IEP meeting.

15. The document prepared by DCPS at the January 29, 2014 IEP meeting does not contain a transition plan or the identity of a location at which Mr. Eley's IEP would be implemented.

16. The instruction and services hours prescribed in the document prepared by DCPS at the January 29, 2014 IEP meeting and the instructional setting and mode in that document are inappropriate for Mr. Eley and without foundation.

17. Until February 6, 2014, DCPS never proposed a school location and placement for Mr. Eley for the 2013-2014 school year, and never proposed any way in which Mr. Eley could receive from DCPS the instruction and services prescribed in his IEP.

18. On February 6, 2014, DCPS assigned Mr. Eley to High Road Academy ("HRA") for the remainder of the 2013/2014 school year.

19. DCPS did not include Mr. Eley in the decision making that resulted in the assignment to HRA. DCPS did not include all necessary personnel in the decision making that resulted in the assignment to HRA.

20. DCPS has never issued a prior written notice regarding the assignment to HRA. DCPS has never offered any explanation of the assignment decision. DCPS has ignored multiple requests for information from Mr. Eley regarding HRA and the HRA assignment.

21. HRA cannot implement Mr. Eley's May 28, 2013 IEP.

22.  In failing to provide Mr. Eley with a school or any other provider of instruction and related services for the 2013-2014 school year, DCPS violating the IDEA, denying Mr. Eley FAPE, and causing him harm.

WHEREFORE, Mr. Eley respectfully requests that this Court:

1) declare that DCPS violated the IDEA and denied Mr. Eley FAPE by illegally and inappropriately changing school placement and school location and by failing to provide him instruction and related services;

2) declare that Mr. Eley's May 30, 2013 IEP is his most recent IEP;

3) order the District to reevaluate Mr. Eley before changing any element of his IEP;

4) order the District to ensure that Mr. Eley and his most recent special education instructor be present at any future IEP or evaluation meetings;

5) order the District to fund and place Mr. Eley at The Learning Community International School, facilitated by School Finders, with transportation;

6) order the District to fund the provision of Mr. Eley's cognitive skills coaching and related services, with transportation, through particular independent providers identified by the Petitioner;

7) order the District to provide appropriate compensatory education to remedy the harm caused by its violations;

8) award attorneys' fees and costs; and

9) award all other relief the Court deems just.

Respectfully submitted,

Douglas Tyrka
D.C. Bar No. 467500
Tyrka & Associates, LLC
7322 Churchill Rd.
McLean, VA  22101
(ph) (202) 332-0038
(f) (202) 332-0039
tyrka@tyrkalaw.com